# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| FARMO S.P.A. UNIPERSONALE<br><br>    Plaintiff,<br><br>v.<br><br>KNOW BRANDS, INC. d/b/a KNOW FOODS,<br><br>    Defendant. | **Civil Action No** _____<br><br>**JURY DEMANDED** |

## COMPLAINT

Plaintiff Farmo S.p.A. Unipersonale (hereinafter referred to as "Farmo" or "Plaintiff"), through its undersigned counsel, for its Complaint against Defendant KNOW Brands, Inc. d/b/a KNOW Foods ("Defendant"), states as follows:

## PRELIMINARY STATEMENT

1.  This is an action seeking monetary damages as a result of Defendant's failure to remit payment of several Invoices following its purchase and acceptance of various pasta and rice products from Farmo between March and June of 2018. Though Defendant has received and accepted the goods, Farmo has not received payment for the products sold to Defendant. Farmo brings this action to recover damages as a result of Defendant's failure to make payment of the amounts owed to Farmo.

1

## PARTIES

2. Farmo is an Italian company with its principal place of business located in Italy. Farmo is a manufacturer, processor, exporter, seller, and distributor of certain foods and food products, including gluten free pastas (elbows, twists, rigatoni, etc.) and rice. Farmo is a merchant and regularly deals in the sale of these food products.

3. Defendant KNOW Brands, Inc. d/b/a KNOW Foods is a Delaware corporation, with its principal place of business located at 3035 Peachtree Road NE, Suite 200, Atlanta, Georgia 30305. Defendant may be served through its registered agent for the service of process, CT Corporation System, at 289 S. Culver Street Lawrenceville, Georgia 30046. Defendant is a seller and distributor of certain foods and food products, including grain-free or gluten-free pastas and rice. Defendant is a merchant and regularly deals in the sale of these food products.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction with respect to this action pursuant to 28 U.S.C. § 1332 as there exists complete diversity of citizenship between Farmo and Defendant, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant, because (i) Defendant resides within this judicial district, and (ii) a substantial part of the transaction giving rise to Farmo's claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

6. Throughout April and June 2018, pursuant to a purchase order from Defendant, Farmo transferred and delivered pasta and rice products, that had been specifically manufactured for Defendant, to Defendant. Defendant accepted these goods, but has not paid Farmo for them.

7. On or about March 15, 2018, Defendant ordered pasta, rice, and printing plate products from Farmo. (A true and correct copy of Defendant's Purchase Order No. 20180327.2 is attached hereto as **Exhibit A**.)

8. The first container of pasta products ordered by Defendant on or about March 15, 2018 ("Container #1"), was shipped and transferred by Farmo to Defendant on or about May 31, 2018, and was delivered to and accepted by Defendant in June, 2018.

9. The second container of pasta products ordered by Defendant on or about March 15, 2018 ("Container #2"), was shipped and transferred by Farmo to

Defendant on or about May 31, 2018, and was delivered to and accepted by Defendant in June, 2018.

10. On June 1, 2018, Farmo sent Defendant two invoices in the total amount of $197,370.00. (A true and correct copy of this correspondence is attached hereto as **Exhibit B**.) Invoice No. 6090000500, covering the First Container, set forth a price of $104,310.00. (Invoice No. 6090000500 is attached hereto as **Exhibit C**.) Invoice No. 6090000501, covering the Second Container, set forth a price of $93,060.00. (A true and correct copy of Invoice No. 6090000501 is attached hereto as **Exhibit D**.)

11. The third container of pasta products ordered by Defendant on or about March 15, 2018 ("Container #3"), was shipped and transferred by Farmo to Defendant on or about June 6, 2018, and was delivered to and accepted by Defendant in June, 2018.

12. The fourth container of pasta products ordered by Defendant on or about March 15, 2018 ("Container #4"), was shipped and transferred by Farmo to Defendant on or about June 6, 2018, and was delivered to and accepted by Defendant in June, 2018.

13. On June 7, 2018, Farmo sent Defendant two invoices in the total amount of $195,093.00. (A true and correct copy of this correspondence is

attached hereto as **Exhibit E**.)  Invoice No. 6090000600, covering the Third Container, set forth a price of $95,040.00.  (A true and correct copy of Invoice No. 6090000600 is attached hereto as **Exhibit F**.)  Invoice No. 6090000601, covering the Fourth Container, set forth a price of $100,053.00.  (A true and correct copy of Invoice No. 6090000601 is attached hereto as **Exhibit G**.)

14. Defendant did not object to the terms of Invoice Nos. 6090000500, 6090000501, 6090000600, or 6090000601 (collectively, the "Invoices") within ten days, per O.C.G.A. § 11-2-201, or at any time.

15. Prior to filing this action, Farmo attempted to resolve the outstanding debt with Defendant by hiring legal counsel to, among other things, send demand letters to Defendant and present a proposed payment schedule to Defendant.

16. In response, Defendant repeatedly indicated that it intended to pay Farmo in full and did not dispute the amounts owed as stated in the Invoices, but requested additional time to make its payments.  Farmo was amenable to Defendant's proposed payment schedules, but Defendant then failed to make payment accordingly.

17. Defendant has continued to fail to pay Farmo what Farmo is owed.

18. To date, Defendant has only paid $7,463.00, which was applied toward the oldest owing and due invoice, No. 6090000500. To date, $385,000.00 is due and owing from Defendant to Farmo under the Invoices.

19. To date, Defendant has not returned the food products and Farmo has not received payment in full from Defendant for the food products.

## COUNT I- OPEN ACCOUNT

20. Farmo re-alleges and incorporates herein the allegations contained in paragraphs 1-19 of this Complaint as if fully set forth herein.

21. This is a Complaint on an open account.

22. Between March and June 2018, Farmo sold goods to Defendant in the amount of $392,463.00, and subsequently billed Defendant for those amounts.

23. Defendant received those goods.

24. Defendant has only made payments on these amounts for $7,463.00. Therefore, Defendant currently owes Farmo $385,000.00 (the "Amounts Due").

25. There is no dispute that the Amounts Due are owed and outstanding.

26. Farmo has fully performed under the agreement between the parties, as memorialized in Invoice Nos. 6090000500, 6090000501, 6090000600, or 6090000601, which Farmo sent to Defendant on or about June 1, 2018; June 1, 2018; June 7, 2018; and June 7, 2018, respectively.

27. Defendant has failed and refused to pay the Amounts Due and satisfy its accounts despite repeated demands by Farmo.

WHEREFORE, Farmo prays that judgment be entered in its favor and that:

(a) the Court award Farmo damages in an amount to be determined at trial, but believed to be in excess of $385,000.00, plus pre-judgment and post-judgment interest accruing at the highest legal rate, and any such further relief the Court deems proper.

## COUNT II- BREACH OF CONTRACT
### (In the Alternative to Count I)

28. Farmo re-alleges and incorporates herein the allegations contained in paragraphs 1-19 of this Complaint as if fully set forth herein.

29. Farmo and Defendant are both merchants in, and who regularly deal in the sale and purchase of, food products, including various pastas and rice products.

30. Farmo and Defendant entered into a valid and enforceable contract for the sale and purchase of food products, including pastas and rice.

31. The enforceable contract between Farmo and Defendant was memorialized in Invoice Nos., 6090000500, 6090000501, 6090000600, or 6090000601, which Farmo sent to Defendant on or about June 1, 2018; June 1,

2018; June 7, 2018; and June 7, 2018, respectively, and to which no objections were received by Defendant within ten days or at any time.

32. Farmo performed and fulfilled all of the terms and conditions of the agreement that it agreed to perform and fulfill.

33. Defendant has materially breached the agreement by failing to remit payment for the pastas and rice it purchased, received, and accepted in accordance with the Invoices and the parties' agreement.

34. Farmo has repeatedly demanded from Defendant payment of the monies owed under the agreement.

35. As a result of this material breach, Farmo has been damaged and continues to be damaged.

36. As a direct and proximate result of Defendant's breach, Farmo has suffered damages in an amount to be proven at trial, but believed to be in excess of $385,000.00.

37. Farmo is also entitled to interest on the principal amount owed.

WHEREFORE, Farmo prays that judgment be entered in its favor and that:

(a) the Court award Farmo damages in an amount to be determined at trial, but believed to be in excess of $385,000.00, plus pre-judgment and post-

judgment interest accruing at the highest legal rate, and any such further relief the Court deems proper.

## COUNT III – UNJUST ENRICHMENT
### (In the Alternative to Counts I and/or II)

38. Farmo re-alleges and incorporates herein the allegations contained in paragraphs 1-19 of this Complaint as if fully set forth herein.

39. In the event that the Court finds that Farmo does not have a contractual right to recover from Defendant under the Invoices, Farmo is entitled to recover damages from Defendant to the extent that Defendant has been unjustly enriched by the retention of the pastas and rice.

40. Farmo transferred to Defendant goods that were of value to Defendant.

41. The goods had been specifically manufactured for Defendant by Farmo.

42. Defendant requested that Farmo provide these goods and Defendant knowingly accepted the goods.

43. At the time that Farmo provided the goods to Defendant, Farmo expected compensation for the goods.

44. By refusing to pay for the pastas and rice, Defendant has wrongfully retained a benefit and been unjustly enriched to the detriment of Farmo.

45. Under O.C.G.A. § 9-2-7, "when one renders service or transfers property which is valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof."

46. Defendant's failure to remit payment for the pastas and rice upon demand is unjustified, and Defendant's retention of the pastas and rice without payment violates fundamental principles of justice, equity, and good conscience.

47. Allowing Defendant to retain this benefit would be unjust and inequitable under the circumstances, and Defendant should be required to return the entire benefit to Farmo.

48. As a result of Defendant's wrongful retention, nonpayment, and unjust enrichment, Farmo has been damaged and continues to be damaged.

49. Farmo has suffered damages in an amount to be proven at trial, but believed to be in excess of $385,000.00.

50. Farmo is also entitled to interest on the principal amount owed.

WHEREFORE, Farmo prays that judgment be entered in its favor and that:

(a) the Court award Farmo damages in an amount to be determined at trial, but believed to be in excess of $385,000.00, plus pre-judgment and post-

judgment interest accruing at the highest legal rate, and any such further relief the Court deems proper.

**COUNT IV- ATTORNEYS' FEES AND EXPENSES OF LITIGATION**

51. Farmo re-alleges and incorporates herein the allegations contained in paragraphs 1-50 of this Complaint as if fully set forth herein.

52. Defendant has acted in bad faith by accepting the benefit of the pasta and rice products transferred and delivered to it by Farmo, but refusing to pay for them.

53. Defendant has caused Farmo to undertake the unnecessary trouble and expense of hiring attorneys to demand appropriate treatment of Farmo and to ultimately file this lawsuit.

54. As a result of Defendant's actions, Farmo is entitled to judgment against Defendant for its reasonable attorneys' fees and cost of litigation under O.C.G.A. § 13-6-11.

**REQUEST FOR RELIEF**

WHEREFORE, Farmo requests that the Court award to Farmo the following:

A. The $385,000.00 it is owed pursuant to the agreement with Defendant to provide pasta and rice products to it;

B. Pre-judgment and post-judgment interest accruing at the highest legal rate, on the damages amount;

C. Attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11;

D. All costs incurred in the filing of this Complaint to be taxed against Defendant; and

E. Such other and further relief as this Court deems equitable, just, and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: October 1, 2018                FARMO S.P.A. UNIPERSONALE

                                      By:   /s/ Aiten M. McPherson
                                            **BRYAN CAVE LEIGHTON**
                                            **PAISNER LLP**
                                            Christopher P. Galanek
                                            (Georgia Bar No. 282390)
                                            Aiten McPherson
                                            (Georgia Bar No. 439899)
                                            One Atlantic Center, Fourteenth Floor
                                            1201 West Peachtree Street, NW
                                            Atlanta, Georgia  30309
                                            Tel:   (404) 572-6600
                                            Fax:  (404) 572-6999

Chris.Galanek@bclplaw.com
Aiten.McPherson@bclplaw.com

Lauren J. Caisman (pro hac application to be filed)
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Tel:  (312) 602-5079
Fax:  (312) 698-7479
Lauren.caisman@bclplaw.com